IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 25-CR- 355 (APM) |
| | : | |
| TRACY HATTON, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, TRACY HATTON, agree and stipulate to the facts presented below. These facts are presented for the purpose of demonstrating there is a factual basis for HATTON's guilty plea pursuant to Federal Rule of Criminal Procedure 11, and do not represent all of the evidence that could have been presented at a trial. At all times relevant to this Statement of Offense:

*Background*

1.     The Defendant, TRACY HATTON, was an administrative officer for McKinley Technology High School ("McKinley"), a unit of the District of Columbia Public Schools ("DCPS"), an agency of the District of Columbia government. HATTON's responsibilities included managing McKinley's budget for supplies, including classroom supplies, technology supplies, and office and maintenance supplies. HATTON was also responsible for selecting and awarding contracts to vendors to provide supplies to McKinley, placing orders with those vendors for supplies, and confirming deliveries and approving vendor invoices for payment.

2.     HATTON procured office supplies for McKinley by issuing purchase orders to approved vendors and by utilizing a District of Columbia government-issued credit card, commonly referred to as a "purchase card."

3.      Contractor 1 owned Company 1, an office-supply business that was an approved vendor on the District of Columbia Supply Schedule ("DCSS").  As an approved vendor, Company 1 was eligible to bid on contracts with DCPS school units for the purchase of supplies.  HATTON could also use her government-issued purchase card to buy office supplies from Company 1.

*The Bribery Schemes*

4.      Beginning at least in or about October 2020, and continuing to in or about September 2023, HATTON engaged in bribery with Contractor 1 by accepting cash from Contractor 1 in exchange for HATTON using her official position at DCPS to take official acts, to violate her lawful duties, and to allow and participate in the commission of fraud against the United States. HATTON and Contractor 1 engaged in this bribery scheme in order to unjustly enrich themselves.

5.      In exchange for the bribes, HATTON, among other official acts and violations of lawful duties, issued purchase orders to the Contractor 1 and caused DCPS and McKinley to pay Contractor 1 for goods that Contractor 1 never delivered.  In furtherance of the scheme, HATTON paid fraudulent invoices submitted to McKinley as part of inflated orders for goods that were under-delivered by Contractor 1.

6.      As another part of the bribery schemes, in exchange for the bribes, HATTON directed Contractor 1 to fraudulently charge HATTON's government-issued purchase card for fake purchases of supplies that Contractor 1 never delivered.

7.      In return for the official acts and violations of lawful duties taken by HATTON, Contractor 1 provided some or all of the fraudulently obtained DCPS and McKinley funds to HATTON.  The fraudulently obtained funds provided to and accepted by HATTON were bribes.

8.      On some occasions, HATTON requested and received cash payments from Contractor 1 that did not consist of fraudulently obtained DCPS funds, but that HATTON accepted as additional bribe payments.  In exchange for these bribes, HATTON steered additional business to Contractor 1's business.

*Total Loss*

9.      In total, HATTON's bribery scheme with Contractor 1 caused a loss to the government of the District of Columbia of more than $40,000 but less than $95,000.

10.      The minimum amount of personal profit that HATTON received from the bribery scheme was at least $30,000.

11.      This Statement of Offense does not describe all the ways in which HATTON fraudulently directed DCPS and McKinley funds to Contractor 1 or all of the ways in which the bribery scheme was carried out.

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By:      _____
CHRISTOPHER R. HOWLAND
Assistant United States Attorney
Fraud, Public Corruption, & Civil Rights
U.S. Attorney's Office
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7106 (Howland)
Christoher.Howland@usdoj.gov
D.C. Bar No. 1016866

**Defendant's Acceptance**

I have read this Statement of Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

_11/10/25_
Date

_Tracy Hatton_
Tracy Hatton
Defendant

**Defense Counsel's Acknowledgment**

I am Defendant Tracy Hatton's attorney. I have reviewed every part of this Statement of Offense with her. It accurately and completely sets forth the Statement of Offense agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

_11/10/2025_
Date

_Gayle Terry_
Gayle Terry
Attorney for Defendant

4